UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK ANI, and others similarly situated, | |
| Plaintiffs, | CIVIL ACTION<br>No. 1:12-cv-00226-SCJ |
| v. | |
| STYLE TAXI & TRAVEL, INC.; STYLE TAXI, INC.; STYLE TRANSPORTATION, INC.; LACEY PAUL GROSE, SR.; L. PAUL GROSE, JR.; and EDITH S. GROSE, | |
| Defendants. | |

**O R D E R**

This matter is before the Court on Defendants' Motion to Dismiss [Doc. No. 39]. For the reasons explained in this order, Defendants' motion is **GRANTED**.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

This case presents a unique set of facts and procedural issues. On January 23, 2012, Mark Ani ("Ani"), on behalf of himself and others similarly situated, filed a four-count complaint against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Ani subsequently filed a motion requesting an order conditionally certifying his FLSA claims as a collective action [Doc. No. 26] on March 9, 2012. On that same day, Ani submitted a notice of filing [Doc. No. 25]

which contains as attachments consent forms of two individuals seeking to join this action as opt-in party plaintiffs.

On September 18, 2012, Ani's counsel notified Defendants that Ani had passed away "while he was visiting family in Africa" [Doc. No. 40, 3]. Defendants, in accordance with Federal Rule of Civil Procedure 25(a)(1),[1] filed a suggestion of death of Ani [Doc. No. 35] on September 25, 2012. On October 15, 2012, Ani's counsel submitted a notice of filing [Doc. No. 36] of consent forms of three additional parties seeking to join this action as opt-in plaintiffs. On December 21, 2012, before the ninety-day time period to substitute a party for Ani under Rule 25(a)(1) had expired, this Court entered an order [Doc. No. 37] granting Ani's motion, thereby conditionally certifying this matter as a collection action. After this order was entered, an additional notice of filing [Doc. No. 38] of a consent form of a party joining this action as an opt-in plaintiff was filed by Ani's counsel.

As no party was substituted for Ani within ninety days of the filing of the suggestion of death, Defendants filed a motion to dismiss this action under Rule

---

[1] The filing of a suggestion of death commences the ninety-day period to file a motion for substitution under Federal Rule of Civil Procedure 25(a)(1). *Schmidt v. Merrill Lynch Trust Co.*, No. 5:07-cv-382-Oc-10GRJ, 2008 WL 2694891, at *2 (M.D. Fla. June 30, 2008).

25(a)(1) [Doc. No. 39] on February 12, 2013. The Opt-In Plaintiffs,[2] represented by Ani's counsel, filed an opposition to Defendants' motion [Doc. No. 41] on March 1, 2013. In their response, the Opt-In Plaintiffs concede that they "cannot oppose Defendants' motion to dismiss with regard to Mr. Ani's claims" [Doc. No. 41, 3]. However, the Opt-In Plaintiffs argue that this Court should not dismiss this entire action because they are "pursuing their own claims against the Defendants as opt-in party plaintiffs" [*id.*]. Therefore, in order to continue with this action, the Opt-In Plaintiffs have also filed a motion to amend this action's complaint [Doc. No. 40] in order to "identify party plaintiff Rachid Remili as a named plaintiff and revise certain allegations" [Doc. No. 40, 1-2]. This motion also requests, in the event the Court grants Defendants' motion to dismiss, that the complaint in this action be dismissed without prejudice and that the statute of limitations be tolled for all Opt-In Plaintiffs and all potential opt-in party plaintiffs until the Court rules on a motion for conditional certification in a re-filed action [*id.* at 8-9]. Defendants filed a response to the Opt-In Plaintiffs' motion to amend [Doc. No. 42] on March 7, 2013. In their response, Defendants argue that an amended complaint that identifies

---

[2] The Opt-In Plaintiffs are Okechukwu "Sam" Uwakwe, Omotunde Nofiu, Mohamed Elouthmani, Bargouchi Mohamed, Rashid Remili, and Ibrahim Mohammedzain.

Rachid Remili ("Remili") as a named plaintiff "is nothing more than an improper Rule 25(a) substitution in order to keep this case alive based on Mark Ani's claims" [Doc. No. 42, 6]. However, in addressing the alternative request addressed in the Opt-In Plaintiffs' motion, Defendants state that they "agree that Plaintiffs['] case should be dismissed without prejudice" [*id.* at 10].

## II.    DEFENDANTS' MOTION TO DISMISS

Under Rule 25(a)(1), if a motion for substitution of a deceased party "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). In this action, no motion for substitution for Ani has been made. Further, more than ninety days have past since Defendants filed the suggestion of death of Ani. Without question, Ani's claims in this action must be dismissed pursuant to Rule 25(a)(1).

While they concede that Ani's claims must be dismissed, the Opt-In Plaintiffs argue that they have individual claims in this action that should not be dismissed. Therefore, the remaining issue in this action is whether the Opt-In Plaintiffs can continue this case even though the named plaintiff's claims have been dismissed. This Court determines they cannot.

A collective action under the FLSA cannot proceed without a named plaintiff to lead it. *Copello v. Boehringer Ingelheim Pharm. Inc.*, 812 F. Supp. 2d 886, 897 (N.D. Ill. 2011) (citing *In re Family Dollar FLSA Litig.*, 637 F.3d 508, 519 (4th Cir. 2011)). To properly lead a collective action, the named plaintiff must be "similarly situated" to the opt-in plaintiffs. *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952 (11th Cir. 2007). Obviously, Ani is not similarly situated to the Opt-In Plaintiffs as a result of his death and, therefore, cannot lead this collective action. *See White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 878 (6th Cir. 2012) ("[A] lead plaintiff cannot be similarly situated and represent opt-in plaintiffs without a viable claim." (citing *In re Family Dollar FLSA Litig.*, 637 F.3d at 519)).

The Opt-In Plaintiffs argue that, pursuant to Rule 25(a)(2),[3] they have individual claims separate from Ani that cannot be dismissed as a result of Ani's death. However, the Opt-In Plaintiffs do not provide, and the Court is unaware of, caselaw that holds substitution of a named plaintiff in a matter conditionally certified as a collective action through an amended complaint is valid under Rule 25(a)(2). The Court is aware that the Eleventh Circuit as stated the FLSA "does not

---

[3] Rule 25(a)(2) states that "[a]fter a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties." Fed. R. Civ. P. 25(a)(2).

indicate that opt-in plaintiffs have a lesser status than named plaintiffs insofar as additional claims are concerned." *Prickett v. Dekalb Cnty.*, 349 F.3d 1294, 1297 (11th Cir. 2003). However, in stating opt-in plaintiffs do not have a lesser status than named plaintiffs, the Eleventh Circuit established only that opt-in plaintiffs "do not opt-in or consent to join an action as to specific claims, but as to the action as a whole." *Id.* Therefore, an opt-in plaintiff, after joining a collective action, does not have to submit a new consent form when a new claim is added later in the litigation process. *Id.* at 1297-98. In short, an opt-in plaintiff does not simply opt into an action's original complaint, he opts into the action as a whole.

This Court determines that the holding and rationale expressed in *Prickett* is not analogous here because the Opt-In Plaintiff's proposed amended complaint, rather than introduce new claims, constitutes an entirely separate action. In an attempt to maintain a connection to this action's original complaint, the proposed amended complaint lists Ani as a named plaintiff. However, as a result of his death, Ani cannot be a party in this action because he no longer has a viable claim. Therefore, the claims the proposed amended complaint asserts on behalf of Ani are invalid. As a result, there is no connection between this action's original complaint and the Opt-In Plaintiffs' proposed amended complaint. The proposed amended

complaint's only potentially valid claims are the claims it asserts on behalf of Remili. By only asserting claims on behalf of a different named plaintiff, thereby necessitating factual support that is completely separate from the original complaint, the proposed amended complaint constitutes, and must be construed as, a separate action.

Further, with Remili as the named plaintiff, this action would no longer be conditionally certified as a collective action. To conditionally certify a matter as a collective class action, a named plaintiff must show a reasonable basis exists that there are other "similarly situated" employees who would wish to join his claims. *Dybach* v. *State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). In the December 21, 2012 order, this Court determined that Ani was similarly situated to other employees that may wish to join this action. However, with Ani's claims dismissed under Rule 25(a)(1), a determination that Remili is similarly situated to potential opt-in plaintiffs would require a separate analysis that specifically concerns Remili. In short, without Ani's claims, the collective action conditionally certified by the December 21, 2012 order no longer exists.

The Court believes that, in essence, the Opt-In Plaintiffs' proposed amended complaint seeks to substitute Remili for Ani in an attempt to keep the December 21,

2012 order intact. Again, the December 21, 2012, which only conditionally certifies this matter as a collective action based on Ani's claims, would be inapplicable to a complaint which lists Remili as the named plaintiff. To allow this case to continue under the Opt-In Plaintiffs proposed amended complaint, thereby allowing Remili to substitute for Ani, would effectively negate the substitution requirement under Rule 25(a)(1). The Opt-In Plaintiffs concede that they "cannot substitute a personal representative for Mark Ani, as they have no right or interest in his claims" [Doc. No. 41, 3]. Therefore, this Court cannot allow the Opt-In Plaintiffs to file an amended complaint that essentially functions like a substitution that the Opt-In Plaintiffs admit they are unable to make. Accordingly, Defendants' motion to dismiss [Doc. No. 39] is hereby **GRANTED**.

The Opt-In Plaintiffs further argue, in the event that this Court grants Defendants' motion to dismiss, that this action be dismissed without prejudice and that the statute of limitations be tolled pending a ruling on a motion for conditional certification in the re-filed action [Doc. No. 40, 8]. Defendants do not oppose the Opt-In Plaintiffs' request that this action's claims be dismissed without prejudice [Doc. No. 42, 2]. Therefore, this action is **DISMISSED WITHOUT PREJUDICE**.

However, Defendants do object to a tolling of the statute of limitations [*id.*]. Equitable tolling "is an extraordinary remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). Here, the tolling of the statute of limitations appears to be unnecessary, as Remili began working for Defendants in November of 2011 [Doc. No. 40-2, 6].[4] Therefore, the Court will not toll the statute of limitations as the Opt-In Plaintiffs request.

## III. CONCLUSION

For the above stated reasons, Defendants' Motion to Dismiss [Doc. No. 39] is hereby **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**.

All pending motions not otherwise ruled upon are hereby **DISMISSED AS MOOT**. As there are no further issues outstanding, the Clerk is **DIRECTED** to **CLOSE THIS ACTION**.

**IT IS SO ORDERED**, this 24th day of April, 2013.

s/Steve C. Jones<br>
HONORABLE STEVE C. JONES<br>
UNITED STATES DISTRICT JUDGE

---

[4] An FLSA claim arising out of a "willful violation" has a three-year statute of limitations; all other FLSA claims have a two-year statute of limitations. 29 U.S.C. 255(a).